FILED
2006 Oct-31  PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | |
|---|---|
| DAVID SCOTT MCCALLIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANSUNION, LLC; EQUIFAX )<br>INFORMATION SERVICES, LLC; and )<br>GE MONEY BANK )<br>)<br>Defendants. ) | Civil Action No.: |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendants[1] states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on Plaintiff's credit reports. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference the Fair Credit Reporting Act or any part thereof encompasses all relevant parts and subparts thereto.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

4. The Plaintiff, DAVID SCOTT MCCALLIE ["Plaintiff" or "McCallie"], is a natural person who resides within this Judicial District.

5. Defendant TRANSUNION, LLC ["TransUnion"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

6. Defendant EQUIFAX INFORMATION SERVICES, LLC ["Equifax"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

7. Defendant GE MONEY BANK ["GEMB"] is a foreign company that engages in business in this Judicial District.

8. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## FACTUAL ALLEGATIONS

9. In late June 2006, McCallie sent a dispute letter to Equifax requesting that the trade line "GEMB/WalMart" (reported in bankruptcy) be removed as

McCallie has not had a Wal-Mart card and has never filed for bankruptcy. McCallie also enclosed a copy of his driver's license.

10. At about the same time in late June 2006, McCallie sent a similar dispute letter to TransUnion requesting that the trade line "GEMB/WalMart" (reported in bankruptcy) be removed as McCallie has not had a Wal-Mart card and has never filed for bankruptcy. McCallie also enclosed a copy of his driver's license.

11. TransUnion and Equifax reported the dispute to GEMB/WalMart in a timely manner.[3]

12. TransUnion, Equifax, and GEMB/WalMart all failed and refused to do a proper investigation of the dispute and failed to use reasonable means to ensure maximum accuracy of this account/trade line.

13. On July 28, 2006, TransUnion[4] sent the results of its investigation into the June 2006 dispute. The trade line "GEMB/WalMart" remained as did the reference under "Remarks" that stated "CHAPTER 7 BANKRUPTCY". McCallie's report does not list any bankruptcy anywhere else.

14. On August 3, 2006, Equifax[5] sent to McCallie the results of its investigation into the June 2006 dispute. On the initial page, Equifax stated, "Equifax verified that this item belongs to you." Strangely, on the same page, Equifax

---

[3] Alternatively, and under F.R.C.P. 8, TransUnion and Equifax did not report the dispute to GEMB/WalMart in a timely manner.

[4] File Number 156465518.

[5] Confirmation Number 6196018708.

stated "We have reviewed your concerns and our conclusions are: The disputed bankruptcy is currently not reporting on your credit file." On page three, however, the GEMB/WalMart trade line is reported as a current status of "Account Included In Bankruptcy" and under "ADDITIONAL INFORMATION", it states "Bankruptcy Chapter 7".

15. In or about September, McCallie was turned down for the following credit cards: a) Best Buy Card; b) American Express; and c) Capital One.

16. The cause, or a cause, for the turndowns was the inaccurate reporting by the Defendants of the GEMB/WalMart account.

17. The conduct of the Defendants has proximately caused McCallie past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

18. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

19. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

20. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm McCallie and/or with the knowledge that their actions would very likely harm McCallie and/or that their actions were taken in violation of the FCRA and state law and/or that

they knew or should have known that their actions were in reckless disregard of the FCRA and state law.

21. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

23. McCallie is a "consumer," as codified at 15 U.S.C. § 1681a(c).

24. Equifax and TransUnion are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

25. GEMB is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

26. McCallie notified Equifax and TransUnion directly of a dispute on the GEMB/Walmart account's completeness and/or accuracy, as reported.

27. Experian correctly omitted the GEMB/Walmart account but Equifax and TransUnion either failed to delete information found to be inaccurate or reinserted the information without following the dictates of the FCRA.

28. Equifax and TransUnion never notified McCallie that his dispute was frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

29. McCallie alleges that at all times Equifax and TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, violating 15 U.S.C. § 1681e(b).

30. McCallie alleges that all Defendants failed in all respects to conduct a proper and lawful reinvestigation from start to finish.

31. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm McCallie and/or with the knowledge that their actions would very likely harm McCallie and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

32. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### State Law Claims

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Defendants published false information about McCallie by reporting the GEMB/Walmart account with the reference to bankruptcy.

35. McCallie alleges that the publication was done maliciously, without privilege, and with a willful intent to injure McCallie.

36. Such publication constitutes defamation under Alabama law.

37. The Defendants invaded the privacy of McCallie as set forth in Alabama law.

38. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about McCallie as set forth in this complaint. This includes the initial reporting of the GEMB/Walmart account; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

39. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

40. An award of statutory, actual, compensatory and punitive damages (which together exceeds $75,000), and costs of the action including expenses, together with reasonable attorney's fees.

41. McCallie also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

John G. Watts ASB-5819-T82J
Attorney for Plaintiff

OF COUNSEL:
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

_[signature]_
M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_[signature]_
Attorney for Plaintiff

**Serve defendants via certified mail at the following addresses.:**

TransUnion, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104

Equifax Information Services LLC
CSC Lawyers Incorporating SVC INC
150 S. Perry Street
Montgomery, AL 36104

GE Money Bank
777 Long Ridge Road
Stamford, CT 06905